**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE EMM**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 2149 |
| | ) | |
| **BARCLAYS BANK DELAWARE** and | ) | |
| **TRANSUNION LLC**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

It has long been a source of puzzlement to this Court that some defense counsel, not content with the Federal Rules' carefully crafted and straightforward prescriptions for responding to complaints, find it appropriate to essay their own efforts -- most often misguided -- to improve on what the rulemakers have done. Too often some of those efforts take the form of an improper restructuring of the plain roadmap marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) for disclaimers where a defendant cannot in good conscience "admit or deny the allegations asserted against it by an opposing party" (Rule 8(b)(1)(B)). Although counsel for Trans Union ("Trans Union") has not been guilty of any such distortion (as discussed in App'x ¶ 1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), three other aspects of its "Answer to Plaintiff's Amended Complaint and Affirmative Defenses" are problematic -- but in different respects.

First, although Answers ¶¶ 2, 4, 6-10, 12-14, 17, 18, 28, 29, 34 and 36 are faithful to the disclaimer language of Rule 8(b)(5), it is simply not true -- as each of those paragraphs goes on to state -- that such disclaimer "has the effect of a denial under Rule 8(b)(5)." Instead the entire

thrust of that Rule is that its invocation constitutes <u>neither</u> an admission nor a denial. Accordingly the quoted language is stricken from each of the cited paragraphs.

Next, Trans Union's counsel again adds an inappropriate fillip to its pleading in responding to a number of allegations in the Complaint that has been filed on behalf of plaintiff Stephanie Emm ("Emm") against two different defendants -- Barclays Bank Delaware as well as Trans Union -- and that then collectivizes the allegations against them as "Defendants" without differentiating the conduct chargeable to each separately. Understandably, then, Trans Union's Answer ¶¶ 19-26, 30, 35, 37 and 40 either deny some corresponding Complaint allegations as they apply to Trans Union or state that some allegations do not apply to Trans Union at all.

So far, so good. But having done so, Trans Union's counsel then goes on to say, in another lecture on procedure, that the allegations "thus are considered denied or avoided under Rule 8(b)(6)." Hence the quoted language is unnecessary surplusage and is also stricken.

Finally, Trans Union's response concludes with this affirmative defense:

> Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

That assertion is really uninformative. If Trans Union wishes to advance such a defense, it must flesh it out by filing an appropriately supported motion and notice the motion up for presentment so that Emm's counsel has an opportunity to respond and this Court can then deal with any issue of law posed by such a motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 17, 2016

- 2 -